UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DANIEL HENDERSON,                      )
                                       )
      Movant,                          )
                                       )
    v.                                 )          Case No. 4:24 CV 518 CDP
                                       )
UNITED STATES OF AMERICA,              )
                                       )
      Respondent.                      )

## <u>MEMORANDUM AND ORDER</u>

In 2023, Movant Daniel Henderson pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Case No. 4:22CR573 CDP.  I sentenced Henderson in January 2024 to 51 months' imprisonment.  He did not file a direct appeal.  Henderson now moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  He argues that his conviction is invalid because § 922(g)(1) is unconstitutional on its face and as applied to him following the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).  For the reasons that follow, I will deny Henderson's motion.

Henderson's contention that *Bruen* rendered § 922(g)(1) unconstitutional on its face and as applied is foreclosed by Eighth Circuit precedent.  Since *Bruen* was decided, the Eighth Circuit has repeatedly concluded that the felon-in-possession statute is constitutional and that there is "no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)."  *E.g.*, *United States v. Jackson*, 110

F.4th 1120, 1125 (8th Cir. 2024); *United States v. Cunningham*, 114 F.4th 671, 675 (8th Cir. 2024) ("The longstanding prohibition on possession of firearms by felons is constitutional. . . ." (citations omitted)); *United States v. Lowry*, 112 F.4th 629, 632 (8th Cir. 2024) (defendant's contention that his conviction under § 922(g)(1) violates his constitutional right to keep and bear arms under the Second Amendment is foreclosed by *Jackson*).  I will therefore deny his § 2255 motion.

Even if Henderson had a valid claim under *Bruen*, in his plea agreement, he knowingly and voluntarily waived the right to challenge his conviction and sentence in a post-conviction proceeding, except for claims of prosecutorial misconduct or ineffective assistance of counsel, and his argument that § 922(g)(1) is unconstitutional does not fall under either exception.  *See DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000) (a knowing and voluntary waiver of collateral-attack rights is generally enforceable).  Henderson also procedurally defaulted his claim that § 922(g) is unconstitutional by not raising it in his criminal case or on appeal, even though *Bruen* was decided before he pleaded guilty, and he has not shown cause for the default or alleged that he is actually innocent.  *See Jennings v. United States*, 696 F.3d 759, 764 (8th Cir. 2012) ("In order to obtain collateral review on a procedurally defaulted claim, a habeas petitioner must show either that there was cause for his procedural default and actual prejudice, or that he is actually innocent of the crime for which he was convicted." (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998))).

Because the record conclusively demonstrates that Henderson is not entitled to relief, no evidentiary hearing is necessary. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (no evidentiary hearing is required where the § 2255 "motion and the files and the record of the case conclusively show that he is entitled to no relief" (citation modified)). I will not issue a certificate of appealability because Henderson has not made a substantial showing that he was denied a constitutional right. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) ("A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994))).

Accordingly,

**IT IS HEREBY ORDERED** that movant Daniel Henderson's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [1] is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Henderson has not made a substantial showing of the denial of a constitutional right.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of March, 2026.

- 3 -